UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
TAREEK MAYNARD,

         Petitioner,

-against-

MICHAEL KIRKPATRICK, SUPT.,

         Respondent.
------------------------------------------------------------x



NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
16-CV-2376 (CBA) (RER)

**AMON, United States District Judge:**

    The Court has received the Report and Recommendation ("R&R") of the Honorable Ramon E. Reyes, Jr., United States Magistrate Judge, recommending that Petitioner Tareek Maynard's ("Maynard") petition for a writ of habeas corpus, brought under 28 U.S.C. § 2254, be dismissed as untimely. (See D.E. # 6.) For the reasons stated below, the Court adopts the R&R.

    On March 16, 2010, Maynard was convicted after a jury trial in New York Supreme Court of two counts of murder in the second degree and four counts of criminal possession of a weapon in the second degree. (See D.E. # 5-16 at 193–94.) Maynard was sentenced on June 22, 2010 to 50 years to life in prison. (See D.E. # 5-17 at 218–19.) After his conviction had been affirmed by the Second Department on July 31, 2013, see People v. Maynard, 970 N.Y.S.2d 76, 76–77 (2d Dep't 2013), Maynard appealed to the Court of Appeals, which on December 17, 2013 denied leave to appeal, see People v. Maynard, 22 N.Y.3d 1042 (2013). From this point, under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Maynard had one year and 90 days to file a habeas petition. See Williams v. Artuz, 237 F.3d 147, 150–51 (2d Cir. 2001) (holding that AEDPA's one-year limitations period "does not begin to run until the completion of direct appellate review in the state court system and either the completion of certiorari proceedings in the United States Supreme Court, or—if the prisoner elects not to file a petition for certiorari—the time to seek direct review

1

via certiorari has expired"); Sup. Ct. R. 13.1 (stating that a petition for a writ of certiorari is timely if filed within 90 days after entry of judgment by a state court of last resort). That is, the last day on which Maynard could file his habeas petition was March 18, 2015.

Maynard did not immediately file a petition for habeas corpus but instead on March 2, 2015, filed a petition for a writ of <u>coram nobis</u> with the Second Department, (<u>see</u> D.E. # 5-2 at 61), which had the effect of tolling the habeas limitations period as long as the <u>coram nobis</u> petition was pending, <u>see</u> 28 U.S.C. § 2244(d)(2); <u>Smith v. McGinnis</u>, 208 F.3d 13, 17 (2d Cir. 2000). The Second Department denied the motion, and on April 4, 2016, the Court of Appeals denied leave to appeal the denial. See <u>People v. Maynard</u>, 17 N.Y.S.3d 306 (2d Dep't 2015), <u>leave to appeal denied</u>, 27 N.Y.3d 1002 (2016). At that point, the habeas limitations period began to run again. On April 29, 2016, Maynard placed his habeas petition in the prison mailbox system, meaning that the Court considers the petition filed as of that date. See <u>Noble v. Kelly</u>, 246 F.3d 93, 97–98 (2d Cir. 2001); Rule 3(d) of the Rules Governing Section 2254 Cases in the United States District Courts (2010).

As is explained in Magistrate Judge Reyes' careful R&R, after giving Maynard the benefit of excluding from the calculation (1) the days that trigger the limitations period (such as the day when state court direct review was completed, when Maynard filed his <u>coram nobis</u> petition, and when leave to appeal the denial of his <u>coram nobis</u> petition was denied) and (2) the time that elapsed during the pendency of the <u>coram nobis</u> petition, his last day to file the instant habeas petition was April 21, 2016. (See R&R at 3–5.) Because Maynard filed his petition on April 29, 2016, the petition is untimely. See, e.g., <u>Green v. Brown</u>, No. 06-CV-6962 (JSR), 2008 WL 313938, at *1 (S.D.N.Y. Feb. 5, 2008) (dismissing § 2254 petition filed only one day after the limitations period had elapsed). And because Maynard has not asserted that he should be accorded equitable tolling in light of any "extraordinary circumstance" preventing him from timely filing the petition, <u>Holland</u>

v. Florida, 560 U.S. 631, 649 (2010), the R&R recommends dismissing the petition as a result, (see R&R at 5).

No party has objected to the R&R, and the time for doing so has passed. When deciding whether to adopt a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). To accept those portions of the R&R "to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." Jarvis v. N. Am. Globex Fund, L.P., 823 F. Supp. 2d 161, 163 (E.D.N.Y. 2011) (quoting Wilds v. United Parcel Serv., 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003)).

The Court has reviewed the R&R and the record and, finding no clear error, adopts Magistrate Judge Reyes' recommendation as the opinion of the Court. Accordingly, the petition is dismissed. Because petitioner has not made a substantial showing of the denial of constitutional right, the Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253. Pursuant to 28 U.S.C. § 1915(a), the Court certifies that petitioner would not take any appeal in good faith and that this Court therefore denies in forma pauperis for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444–45 (1962). The Clerk of Court respectfully is directed to enter judgment accordingly; to send a copy of this Memorandum and Order and the judgment to Maynard at his listed address; and to close this case.

SO ORDERED.

Dated: July 5, 2018
Brooklyn, New York

s/Carol Bagley Amon

Carol Bagley Amon
United States District Judge